**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 01-10161

ANGELO PRIETO,
Trustee of the Brett M Davis
Insurance Trust;
BRETT M DAVIS, Individually

Plaintiffs - Appellants,

versus

JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY;
JIM ENGRAM, Individually;
JIM ENGRAM & ASSOCIATES

Defendants - Appellees,

Appeal from the United States District Court
For the Northern District of Texas
(No. 3:97-CV-2441-L)

April 17, 2002

Before JOLLY, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiffs appeal the district court's granting summary
judgment on their various state-law claims and on their federal
racketeering amd securities law claims.  Under any of these

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims, the limitations period is not longer than four years. Plaintiffs sue for misrepresentations allegedly made in the course of their purchasing an insurance policy in 1983. They claim, however, that Defendants obscured the facts on which they now sue until after the limitations periods ran. The district court, in a comprehensive and well-considered opinion, concluded that Plaintiffs had actual knowledge of Defendants' misrepresentations by 1987 and that Plaintiffs' claims were time-barred by 1991. We affirm.

Both the discovery rule and the doctrine of fraudulent concealment toll applicable statutes of limitations until the claimant discovers or with reasonable diligence should have discovered facts that could support a cause of action. *See Colonial Penn Ins. v. Market Planners Ins. Agency*, 157 F.3d 1032, 1034-35 (5th Cir. 1998)(discussing both rules). A plaintiff need not discover each element of her cause of action before the limitations period begins to run. Instead, it protects her only until she ought to know facts that would lead a reasonable person to investigate the possible existence of a cause of action. In this case, it is not disputed that Plaintiffs by 1987 knew that Defendant Engram's previous representations that the policy dividends were guaranteed and that the interest rate on policy loans was fixed were false. At that point, the statute of limitations began to run, for Plaintiffs knew they had causes of

action for breach of contract, fraud, and negligent misrepresentation, among others.  Engram's continuing insistence that the policy would perform as illustrated in the face of these discoveries cannot again toll the limitations period until the next instance of wrongdoing was discovered.  Knowing that Engram had misled them in the past, reasonable claimants in Plaintiffs' position would sue to have the policy amended in accordance with Engram's promises.  At a minimum, they should have carefully investigated any further promises he made.

AFFIRMED.